```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**ROGER LEE WARD,**

       **Plaintiff,**

  vs.                                          Civil Action 2:12-cv-478
                                                          Magistrate Judge King

**NORTH POINTE INSURANCE**
**COMPANY,**

       **Defendant.**

## OPINION AND ORDER

This action was removed to this Court from the Court of Common Pleas for Gallia County, Ohio, as one arising under the Court's diversity jurisdiction. *Notice of Removal*, Doc. No. 1. Plaintiff Roger Lee Ward asserts claims for declaratory relief, breach of contract and bad faith in connection with the fire loss of a commercial building and its contents insured by defendant North Pointe Insurance Company. This matter is now before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of *Plaintiff's Motion to Dismiss for Lack of Diversity Jurisdiction and Motion to Join the Estate* ("*Plaintiff's Motion*"), Doc. No. 19.

*Plaintiff's Motion* seeks an order remanding the case to the Gallia County Court of Common Pleas or, alternatively, to join the Estate of Samuel Richard Salem (the "Estate") as a defendant. *Id.* at p. 3. Defendant opposes the joinder of the Estate as a party but does not oppose the remand of the action for lack of diversity jurisdiction. *North Point's Response to the Plaintiff's Motion to*

*Dismiss for Lack of Diversity Jurisdiction and Brief in Opposition to Plaintiff's Motion to Join the Estate* ("*Defendant's Response*"), Doc. No. 20.  Plaintiff has filed a reply, *Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Dismiss for Lack of Diversity Jurisdiction and Motion to Join the Estate*, Doc. No. 21.  This matter is now ripe for consideration.

This action was removed to this Court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  *Notice of Removal*, p. 1.  Under 28 U.S.C. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants to the district court of the United States for the district and division embracing the place where such action is pending." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996) (quoting 28 U.S.C. § 1441(a)).  Federal courts have "original 'diversity' jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest."  *Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing 28 U.S.C. § 1332(a)).  The removing party bears the burden of demonstrating federal jurisdiction and all doubts should be resolved in favor of remand.  *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006) (citations omitted).

In the case presently before the Court, plaintiff is a citizen of the State of Ohio and defendant is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Michigan.  *Notice of Removal*, p. 3.  Plaintiff has

2

moved to remand for lack of diversity jurisdiction, and defendant does not oppose that motion.  In seeking remand, the parties characterize the action as a "direct action against the insurer of a policy or contract of liability insurance, . . . to which action the insured is not joined as a party-defendant."  *Plaintiff's Motion*, pp. 2-3; *Defendant's Response*, p. 1, citing 28 U.S.C. § 1332(c)(1)(A).  The Court disagrees with that characterization.

> Section 1332(c)(1)(A) provides that
>
> in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of--
>
> (A) every State and foreign state of which the insured is a citizen[.]

28 U.S.C. § 1332(c)(1)(A).  As used in this statute, the term "direct action" refers to an action in which an injured party sues – not the tortfeasor – but instead the tortfeasor's liability insurer.  *See Estate of Monahan v. Am. States Ins. Co.*, 75 F. App'x 340, 343 (6th Cir. 2003); *Peterson v. TIG Specialty Ins. Co.*, 211 F.Supp.2d 1013, 1015 (S.D. Ohio 2002) (the term "direct action" is one in which the injured party is entitled to bring suit against the tortfeasor's liability insurer without joining the insured or first obtaining a judgment against the insured).  An action between an insured plaintiff and that insured's own insurance company is not a "direct action" within the meaning of § 1332(c)(1)(A).  *See Lee-Lipstreu v. Chubb Group of Ins. Cos.*, 329 F.3d 898, 899-900 (6th Cir. 2003) ("Applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity — federal

3

courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state.").

Plaintiff brings this action against defendant North Pointe Insurance Company in connection with a "commercial general liability and commercial property policy of insurance" issued by defendant. *Complaint*, ¶ 1. Plaintiff is the named insured under that insurance policy. *See id*. at ¶¶ 1, 4, 14, pp. 5-30. This action is therefore not a "direct action" within the meaning of § 1332(c)(1)(A). *See Lee-Lipstreu*, 329 F.3d at 899-900.

Plaintiff is a citizen of Ohio, *see Complaint*, p. 1, and defendant is a citizen, for diversity purposes, of Delaware and Michigan. *See Notice of Removal*, p. 3. There is no dispute that the amount in controversy exceeds $75,000. Under these circumstances, the Court is vested with jurisdiction over the action pursuant to 28 U.S.C. § 1332. Accordingly, remand of the action for lack of diversity jurisdiction would be improper.

*Plaintiff's Motion* also seeks to join the Estate of Samuel Richard Salem ("Decedent") as a defendant. *Plaintiff's Motion*, p. 3. The commercial property that is the subject of the dispute presently before the Court was sold to plaintiff by Decedent by land contract on September 5, 2008. *Land Contract*, attached to *Plaintiff's Reply* as Doc. No. 21-1, at pp. 3-6. That land contract requires that Decedent convey legal title to the property upon full payment of the purchase price, which was payable in monthly installments. *Id*.

The commercial property was destroyed by fire on April 8, 2010. *Complaint*, ¶ 4. Decedent, who lived in Gallia County, Ohio, died

4

testate on June 28, 2011.  *Entry Appointing Fiduciary*, attached to *Plaintiff's Reply* as Doc. No. 21-1, at p. 2.  Plaintiff represents that the commercial property and related land contract are now assets of the Estate because Decedent died before the land contract had been fully executed.  *Plaintiff's Reply*, pp. 1-2.

*Plaintiff's Motion* seeks to join the Estate as a defendant because it is the title owner of the property that forms the subject of the insurance dispute between the current parties.  *Id*.  Because Decedent was a citizen of Ohio at the time of his death, *see Entry Appointing Fiduciary*, p. 2, the legal representative of the Estate would also be deemed a citizen of Ohio.  See 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]").  Joinder of the Estate as a defendant would therefore destroy diversity.  See 28 U.S.C. § 1332(a)(1).

Pursuant to 28 U.S.C. § 1447(e), the Court "may deny" a request to join an additional defendant if the request follows removal from state court and if the joinder "would destroy subject matter jurisdiction."  28 U.S.C. § 1447(e).  Although the United States Court of Appeals for the Sixth Circuit has not addressed the standard governing  the application of § 1447(e), "this Court has recently determined that the issue is discretionary."  *Scott Elliot Smith, LPA v. Travelers Cas. Ins. Co. of Am.*, No. 2:12-cv-0065, 2012 WL 1758398 at *2 (S.D. Ohio May 16, 2012) (quoting *Kunkel v. CUNA Mut. Ins. Soc.*, No. 2:11-CV-492, 2011 WL 4948205, at *1-2 (S.D. Ohio Oct. 18, 2011)).  *See also J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F.Supp.2d 613, 618 (E.D. Mich. 2005).  In exercising that discretion under 28

5

U.S.C. § 1447(e), courts have considered "the diverse defendant's interest in selecting a federal forum" and four other factors: "(1) the extent to which the purpose of the amendment is to defeat jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff will be injured significantly if the amendment is not allowed; and (4) any other factors bearing on the equities." *J. Lewis Cooper*, 370 F.Supp.2d at 618 (citations omitted).

In the case presently before the Court, plaintiff's sole basis for joinder of the Estate is the Estate's title ownership of the commercial property that forms the subject of the insurance dispute between the current parties and interest in the land contract. *See Plaintiff's Reply*, pp. 1-2 ("As the land contract was in effect and not completed at the time of Samuel Richard Salem's death, the land contract and the property are both a part of the estate of Samuel Richard Salem. Therefore, the Estate of Samuel Richard Salem should be joined in this matter."). Plaintiff has not tendered a proposed amended complaint nor has plaintiff sought leave to amend the *Complaint*; indeed, plaintiff has wholly failed to state a cause of action against the Estate or to explain the basis of any claim against the Estate. There is no evidence, and plaintiff does not argue, that the Estate is a named insured, an additional insured, or a loss payee under the insurance policy, the Decedent is not otherwise mentioned in the insurance policy attached to the *Complaint*,[1] *see Complaint*, pp. 5-

---

[1] The Court conferred with counsel for the parties on January 3, 2013, and issued an *Order*, Doc. No. 18, that provides in pertinent part:

> The parties agree that the estate of the seller of the premises at issue in this case, which is the loss payee under defendant's policy, should be joined in settlement discussions and as a party

6

30, and the land contract does not require the Decedent to be listed as a named insured or loss payee, nor does it provide for insurance proceeds to be paid to the Decedent.  See *Land Contract*, attached to *Plaintiff's Reply* as Doc. No. 21-1.  Mere title ownership of real property is also insufficient to establish a right to insurance proceeds.  *Allason v. Gailey*, 939 N.E.2d 206, 212-15 (Ohio Ct. App. 2010); *Kulich v. Troppe*, No. 15260, 1992 WL 74208, at *2-3 (Ohio Ct. App. Apr. 8, 1992) ("Immediately upon execution [of a land contract], the purchaser becomes the equitable owner of the estate while the vendor, who still holds the legal title, retains a 'lien' on the property for the unpaid balance due. . . .  The longstanding rule is that the equitable owner of the estate bears all risks but enjoys all benefits that may accrue.") (citing *Gilbert v. Port*, 28 Ohio St. 276, 293 (Ohio 1876); *Whitacre v. Hoffman*, 79 N.E.2d 373 (Ohio Ct. App. 1947); *United States v. Big Value Supermarkets, Inc.*, 898 F.2d 493, 497 (6th Cir. 1990)).  Furthermore, there is no apparent connection between the Decedent or the Estate and plaintiff's current claims.  The *Complaint* asserts claims for breach of the insurance agreement and breach of the duty of good faith and fair dealing in refusing to pay plaintiff's claim.  *Complaint*, ¶¶ 9-12, 14.  The *Complaint* also seeks a declaratory judgment "construing the insurance contract and the terms, limitations, and exclusions contained in the insurance

---

to the action.  Whether the estate should be joined as a plaintiff or as a defendant, and whether the estate's joinder will affect the Court's diversity action, is not yet clear.

*Id*. at p. 1.  *Plaintiff's Motion* and the related briefing do not, however, present any evidence or even suggest that the Estate is a loss payee under defendant's policy.  Even assuming that the Estate is a loss payee, that fact would suggest that the Estate should be joined as a plaintiff, not as a defendant, in this action.  Of course, joinder of the Estate as a plaintiff would not destroy diversity jurisdiction.

contract." *Id*. at ¶ 8. Plaintiff does not allege or argue that the Estate owes any duties under the insurance policy. Based on the arguments and evidence presented, it is unlikely that plaintiff has a colorable claim against the Estate related to the insurance policy at issue. *See Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006) ("To establish a breach of contract, a plaintiff must show that a contract existed, the plaintiff performed, the defendant breached, and the plaintiff suffered damages.") (citing *Wauseon Plaza Ltd. P'ship v. Wauseon Hardware Co.*, 807 N.E.2d 953, 957 (Ohio Ct. App. 2004)); *Zoppo v. Homestead Ins. Co.*, 644 N.E.2d 397, 400 (Ohio 1994) ("An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor.") (citations omitted).

The fact that plaintiff offers no basis for a claim against the Estate suggests that the purpose of the requested joinder is to defeat the Court's jurisdiction. This conclusion is also supported by plaintiff's failure to explain why the Estate was not named as a defendant in the original *Complaint*, despite knowledge of the Estate's existence and its interest in the commercial property. *See Wells v. Certainteed Corp.*, 950 F.Supp. 200, 201 (E.D. Mich. 1997) (denying joinder where, *inter alia*, plaintiff offered no reason why the proposed defendant had not been named as a defendant in the original action). Consideration of the first factor therefore militates against joinder of the non-diverse Estate as a defendant.

In considering the second factor, the Court concludes that, although plaintiff was dilatory in seeking joinder of the Estate, that

8

delay is not determinative.  Plaintiff filed the *Complaint* in the state court on April 3, 2012, *Complaint*, Doc. No. 3, the action was removed to this Court on June 4, 2012, *Notice of Removal*, Doc. No. 1, and the action was stayed on July 11, 2012, "pending defendant's investigation of plaintiff's claim and the parties' mediation of that claim."  *Preliminary Pretrial Order*, Doc. No. 11.  The Court conferred with counsel for the parties on January 3, 2013, and ordered that a motion to join the Estate be filed no later than January 31, 2013.  *Order*, Doc. No. 18.  *Plaintiff's Motion* was filed on January 30, 2013.  Although other federal courts have found similar conduct to be dilatory, *see Scott Elliot Smith, LPA*, 2012 WL 1758398 at *3 (finding a delay of two months after removal to be dilatory) (citing *Multi-Shot, LLC v. B & T Rentals, Inc.*, No. H-09-3283, 2010 WL 376373, at *9 (S.D. Tex. Jan. 26, 2010) (collecting cases)), *Plaintiff's Motion* was filed within the deadline set by the Court and before significant activity in the case had occurred.  Under the circumstances, the Court concludes that consideration of this factor does not weigh strongly in favor of either position.

    Third, there is no indication that plaintiff will be significantly injured if the Estate is not joined as a party.  As discussed *supra*, plaintiff has failed to state a cause of action or to explain the basis of any claim against the Estate; it is not apparent that the Estate owes or is owed any duties under the insurance agreement or that plaintiff has a colorable claim against the Estate related to the insurance contract.  Furthermore, the resolution of plaintiff's claims does not require the Court to determine ownership of or the proper disposition of the Estate's real property.  Under the

9

circumstances, the Court can provide complete relief between the current parties without joining the Estate as a party and without the risk of significant injury to plaintiff.  *Cf. Morelli v. Morelli*, C2-00-988, 2001 WL 1681119 (S.D. Ohio Sept. 27, 2001) (finding a non-party to be necessary and indispensable under Rule 19 where the plaintiff sought to obtain "exclusive title" to property owned by the non-party).

Based on the foregoing, and considering defendant's interest in selecting a federal forum, the Court concludes that its discretion under 28 U.S.C. § 1447(e) is better exercised in denying plaintiff's request to join the Estate as a defendant.  *Plaintiff's Motion*, Doc. No. 19, is therefore **DENIED.**

This denial is without prejudice to renewal upon articulation of the particular claim sought to be asserted by or against the Estate. The parties are **ADVISED** that any renewed motion to join the Estate must also address whether the Estate should be joined as a plaintiff or defendant and the effect, if any, of its joinder on the Court's subject matter jurisdiction.


March 29, 2013                              *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
                                            United States Magistrate Judge